UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 16-1267-SLD ) |
| DANIEL HOBART and SUSAN HOBART, | ) ) ) ) |
| Defendants. | ) ) |

# ORDER

This cause is before the Court on Defendants Daniel Hobart and Susan Hobart's motion for summary judgment on the issue of failure to exhaust administrative remedies. As explained more fully *infra*, the Hobarts are entitled to summary judgment because Plaintiff Maurice Jackson failed to exhaust properly his administrative remedies against them before filing this suit.

## BACKGROUND

Plaintiff Maurice Jackson is an inmate within the Illinois Department of Corrections ("IDOC") who is housed at the IDOC's Pontiac Correctional Center ("Pontiac"). Defendants Daniel Hobart and Susan Hobart (collectively, "the Hobarts") are food service workers at Pontiac.

Jackson filed this Complaint on July 18, 2016, alleging, among other things, that the Hobarts had tampered with his food beginning in May 2016. Based upon this allegation, the Court determined that Jackson's Complaint stated a claim against the Hobarts for violating his Eighth Amendment rights based upon the conditions of his confinement. The Hobarts have now

1

moved for summary judgment arguing that Jackson failed to exhaust his administrative remedies prior to filing this suit.

## STANDARDS GOVERNING SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993). "As with any summary judgment motion, we review cross-motions for summary judgment construing all facts, and drawing all reasonable inferences from those facts, in favor of the nonmoving party." *Laskin v. Siegel*, 728 F.3d 7314, 734 (7th Cir. 2013)(internal quotation marks omitted).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (Brennan, J., dissenting)(1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999).

Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

## STANDARDS GOVERNING EXHAUSTION

The Prison Litigation Reform Act requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit. 42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). Exhaustion is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 95 (2006)("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."); *Dole v. Chandler*, 43 F.3d 804, 809 (7th Cir. 2006).

No futility, sham, or substantial compliance exception exists to this requirement, and a plaintiff seeking only monetary damages for ongoing conditions must still utilize the grievance procedure in place before filing suit. *Massey*, 259 F.3d at 646 (inmate alleging failure to repair a hernia timely must exhaust administrative remedies even though surgery was performed and only money damages claim remained); *Booth v. Churner*, 532 U.S. 731, 736-37 (2001)(the PLRA requires administrative exhaustion even where grievance process does not permit award of money damages, if "some action" in response to a grievance can be taken). Likewise, the exhaustion requirement includes claims that only seek equitable relief. *Falcon v. United States Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995).

Exhaustion means properly and timely taking each step in the administrative process

established by the applicable procedures. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)(failure to file timely administrative appeal constitutes failure to exhaust administrative remedies and bars a § 1983 suit). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, the prisoner must utilize that administrative system before filing a claim." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). A dismissal for failure to exhaust is without prejudice, so reinstatement is not barred unless the time for exhaustion has expired. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

If issues of fact exist in determining whether an inmate has exhausted his administrative remedies, a judge should hold a hearing and resolve these factual disputes. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). The Court is permitted to make findings of fact and credibility assessments of witnesses at such an evidentiary hearing. *Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011).

If the Court finds that the prisoner exhausted his administrative remedies, "the case will proceed to pretrial discovery, and if necessary a trial, on the merits." *Pavey*, 544 F.3d at 742. If the Court finds that the prisoner did not exhaust his administrative remedies, the Court determines whether: (a) the plaintiff has unexhausted remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. *Id*. No evidentiary hearing is necessary, however, if there are "no disputed facts regarding exhaustion" and "only a legal question" is presented. *Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

Illinois provides for administrative review of inmate complaints through an institutional grievance process whereby the review progresses from a counselor to a grievance officer to the chief administrative officer. 20 Ill. Admin. Code § 504.810, § 504.830. Adverse decisions must be appealed to the Director within 30 days of the Chief Administrative Officer's findings. 20 Ill. Admin. Code § 504.850. The Administrative Review Board ("ARB") resolves appeals on the Director's behalf, and the ARB's decision is the final step in the administrative review process. *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002).

### JACKSON FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

The Hobarts are entitled to summary judgment because Jackson failed to exhaust his administrative remedies prior to filing this suit. The Hobarts have submitted evidence to the Court that Jackson never sought nor obtained a final ruling from the ARB on any grievance that he submitted against them. Because there is no evidence with which to create a genuine issue of fact as to whether Jackson properly exhausted his administrative remedies before filing this suit, this case must be dismissed.

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Id*. Jackson did not take each step in the administrative process. Therefore, Jackson cannot proceed on his claim in this case.

Jackson does not deny that he failed to seek and to obtain a final ruling from the ARB on any grievance that he ever submitted against the Hobarts regarding their alleged contamination of his food. Instead, Jackson asserts that he was prevented from following the grievance

procedures by various individuals at Pontiac. Jackson contends that he was initially told that Pontiac does not have a grievance procedure.

Subsequently, Jackson asserts that he gave his grievances to his counselor, but his grievances were always lost or destroyed. When he inquired as to the status of his grievances, Jackson was always informed that there was no record of him ever submitting any grievances against the Hobarts. Accordingly, Jackson argues that the Court should determine that he satisfied his exhaustion requirements based upon the fact that Pontiac officials interfered with his ability to exhaust properly his administrative remedies. At a minimum, Jackson asserts that the Court should conduct a *Pavey* hearing to determine whether he exhausted his administrative remedies.

There is no need to conduct a *Pavey* hearing because, even if everything that Jackson states is true, he failed to exhaust properly his administrative remedies prior to filing this suit. Specifically, the undisputed evidence shows that this suit is premature and must be dismissed.

Jackson claims that the Hobarts began contaminating his food in early May 2016 and that he submitted—or tried to submit—his first grievance soon thereafter. But, Jackson sent this suit to the Clerk of the Court on July 18, 2016, and the Clerk docketed it on July 19, 2016. Therefore, even if what Jackson says is true, he filed this suit too soon because the timeframes and deadlines contained in Illinois' grievance procedures would not have expired before he filed this suit.

For example, 20 Ill. Adm. Code § 504.850(f) gives the ARB six months from receipt of the grievance appeal to make a final determination. So, even if Jackson had submitted his grievance on May 4, 2016 (the first day that he claims that he received contaminated food), and even if the Warden had denied his appeal on May 4, 2016, and even if the ARB had received his

6

appeal on May 4, 2016, Jackson did not give the ARB the six months provided in the Illinois Administrative rules to reach a final determination before he filed this suit on July 18, 2016.

Jackson acknowledges in his response brief that he is an experienced litigator in federal court and that he is very familiar with Illinois' grievance procedures. Jackson did not follow Illinois's grievance procedures correctly before filing this suit. As such, Jackson's suit that he filed on July 18, 2016, is premature and must be dismissed. *Vaughn v. Wilson*, 2011 WL 2357869, * 4 (N.D. Ind. June 8, 2011)("Vaughn's complaint was premature, even if he was later able to exhaust his administrative remedies, and the Court must dismiss this action pursuant to 42 U.S.C. § 1997e(a)."); *Ford v. Johnson,* 363 F.3d 395, 398 (7th Cir 2004)("Section 1997e(a) says that exhaustion must precede litigation"); *Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532, 535 (7th Cir. 1999)("A § 1983 suit filed by a prisoner before administrative remedies have been exhausted must be dismissed, even if the prisoner exhausts intra-prison remedies before judgment.").

## JACKSON IS NOT ENTITLED TO PRELIMINARY INJUNCTIVE RELIEF

Jackson has filed several motions seeking preliminary injunctive relief. Jackson has also filed several motions seeking to provide additional information in support of his motions for preliminary injunctive relief. The Hobarts have moved to strike some of Jackson's pleadings as being in violation of the Court's Local Rules.

As for Jackson's motions for preliminary injunctive relief, they are denied. "To obtain a preliminary injunction, the moving party must show that its case has 'some likelihood of success on the merits' and that it has 'no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied.'" *Stuller, Inc. v. Steak N Shake Enter., Inc.*, 695 F.3d 676, 678 (7th Cir. 2012)(quoting *Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011).

If the moving party meets these threshold requirements, the district court "must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied." *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). The district court must also consider the public's interest in an injunction. *Id.*

In this balancing of harms, the district court must weigh these factors against one another "in a sliding scale analysis." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). "The sliding scale approach is not mathematical in nature, rather 'it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief.'" *Ty, Inc.*, 237 F.3d at 895-96 (quoting *Abbot Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992)).

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The movant must carry his burden of persuasion on each of the elements necessary to enter injunctive relief in order to obtain injunctive relief. *Rust Envt. & Infrastructure, Inc. v. Teunissen*, 131 F.3d 1210, 1219 (7th Cir. 1997)(holding that a party seeking a preliminary injunction must satisfy each element).

Jackson has not and cannot demonstrate a likelihood of success on the merits of his Eighth Amendment claim. Indeed, the Court is dismissing this case as a result of Jackson's failure to exhaust properly his administrative remedies prior to filing this suit. Therefore, Jackson is not entitled to preliminary injunctive relief.

As for his motions to supplement or to provide additional information, those motions are also denied. The threshold dispute is whether Jackson exhausted properly his administrative

remedies prior to filing this suit. Jackson's proposed supplementations are not relevant to that issue. Accordingly, there is no need to allow Jackson to place irrelevant information before the Court.

As for the Hobart's motions to strike, those motions are denied. The Hobarts correctly note that some of Jackson's pleadings violate the Court's Local Rules and are redundant. Nevertheless, given Jackson's *pro se* status, the Court will allow Jackson's pleadings to remain a part of the record.

**IT IS, THEREFORE, ORDERED:**

**1. Plaintiff's motions for status and for ruling on motion for summary judgment [66, 68, 73, and 74] are DENIED AS MOOT in light of this Order.**

**2. Defendants' motions to strike [57 &70] are DENIED.**

**3. Plaintiff's motions for preliminary injunctive relief [58, 61, & 64] are DENIED.**

**4. Plaintiff's motions to supplement [56, 65, 67, 69, &71] are DENIED.**

**5. Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies [47] is GRANTED. The Clerk of the Court is directed to enter judgment in Defendants' favor and against Plaintiff. All pending motions not addressed in this Order are denied as moot, and this case is terminated, with the Parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.**

**6. If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

**7. If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion for leave to appeal in forma pauperis must identify the issues that he will present on appeal to**

assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

Entered this 16th day of June, 2017

                                                     /s Sara L. Darrow
                                                     SARA L. DARROW
                                      UNITED STATES DISTRICT JUDGE